JjYELVERTON, Judge.
This is a dispute over the domiciliary custody of two small children. Jeffrey Rush filed for a change of domiciliary custody of his children, Russell and Pamela, to himself. The trial court ruled that domiciliary custody should remain with the mother, Catherine Rush.
The main issue dealt with the moral fitness of Catherine to raise the two children. Jeffrey claims it was error not to award him domiciliary custody due to Catherine’s moral unfitness.
Jeffrey and Catherine were divorced on October 10, 1992. Through a prior stipulation and in the judgment of divorce, the two minor children of the marriage were placed | gunder a joint custody regime with Catherine being named as the domiciliary parent. The judgment of divorce provided that the domiciliary designation of the mother was to be “subject to the condition that she shall not live with or have overnight any man that she is not married to when the minor children are in her physical custody.”
Catherine admitted that she began living with Robert Bailey, Jr. on October 26, 1992, just 16 days after the judgment of divorce. They have been living together ever since along with Russell and Pamela and the four-month-old baby that she and Bailey now have together.
Where the original custody decree was by agreement, and thus was not a “considered decree,” the best interest of the child standard is applicable to a subsequent custody modification action. La.Civ.Code art. 131; Melancon v. Bergeron, 598 So.2d 694 (La. App. 3d Cir.1992).
In performing its function of deciding custody cases, the trial court is vested with a vast amount of discretion. Bagents v. Bagents, 419 So.2d 460 (La.1982).
The trial court’s findings of fact and ruling in this case demonstrate, better than we can, the difficulties the case presented and the soundness of the court’s solution. We attach his reasons for judgment to our own opinion as a part thereof.

REASONS FOR JUDGMENT

This matter is before the Court at present on a rule to change custody. The parties herein were married on May 25, 1985; separated on October 21, 1991; were divorced on October 10, 1992. Through prior stipulation and in the judgment of divorce, the two minor children or [sic] the marriage were placed under a joint custody regime with the mother being domiciliary. The father now seeks to have the mother held in contempt for violation of the previous Court order and for the domiciliary custodian to be changed to the father.

joFINDINGS OF FACT

In the original pleadings and the stipulation of the parties allegations were made and concerns were expressed that Mrs. Rush was living in open concubinage with one Junior Bailey. Consequently, the previous ex parte custody order of this Court granting the physical custody of the children to Mrs. Rush was modified in the judgment of divorce to provide that the domiciliary designation of the mother was to be “subject to the condition that she shall not live with or have overnight any man that she is not married to when the minor children are in her physical custody.” It is clear Mrs. Rush has been in direct violation of that order of the Court. Both she and her paramour, Mr. Bailey, testified that they had been living together. There is no doubt that under the provisions of La.C.C.Pro. Article 224 et seq., Mrs. Rush is in contempt of this Court’s order as stated in the aforesaid judgement of divorce of record in these proceedings.
The more difficult issue relates to whether that contempt alone is sufficient to change the status of the children. There is very little evidence of record to otherwise change the custody. There is some suggestion that *693 Mrs. Rush has neglected the dental health of one of the children; however, this is not entirely a conclusive fact. There seems to have been some confusion on the part of Mrs. Rush about the method of acquiring the dental care with her husband absent and separated/divorced from her.
What is clear is that Mrs. Rush has had the physical custody of the children since the parties physically separated in October of 1991 and pursuant to court order since November 13, 1992. This was necessitated by the father’s active duty status with the United States Air Force that had him stationed out of the country. While Mr. Rush has now been returned to the States for duty in Nevada, he is still on active duty in the military.
|4In the interim the children have been in the Beauregard Parish area. The paternal grandmother and step-grandfather live in nearby Vernon Parish, as does the paternal grandfather, James Rush. The children attend school in the area and appear to be doing well in their school work.
The evidence of records supports the conclusion that the mother has always been the primary care giver for the children. She has been involved with the children’s school and knows who the children’s teachers are and has met them. Indeed, Mrs. Rush would score in the positive range on all of the categories under La.C.C. Article 131, except the question of moral fitness.
While the directives of La.C.C. Article 131 instruct the Court to consider moral fitness, the over-all situation of the children must also be considered, as the test is ultimately their best interest. The courts of this state have held that sexual indiscretion in the form of unmarried cohabitation alone is not necessarily sufficient to require a change of custodial parent. There must be some showing that the relationship has an adverse affect on the children. Of course, the results in the individual eases vary widely based upon their particular facts. (Cf. Melancon v. Bergeron, 598 So.2d 694, (3rd Cir.1992), where custody was changed; and Montgomery v. Marcantel, 591 So.2d 1272, (3rd Cir. 1991), where it was not.) Mrs. Rush and Mr. Bailey are clearly free to marry at this point and yet have not chosen to do so. Certainly, it is possible and perhaps even understandable that having just found release from an unsuccessful marital relationship, Mrs. Rush is uncertain of making another such commitment quickly. Mr. Bailey, who is now out of the Rush household, seems to have a positive relationship with the Rush children. There is no convincing evidence that there is any abuse by him of the children. It appears that if a |smarriage between he and Mrs. Rush does occur in the future, he is willing and will be able to develop a positive stepparent relationship with the children. There is also evidence to suggest that Mrs. Rush has rationalized her behavior in connection with her violation of the court order as being a financial necessity. The sharing of expenses by Mr. Bailey and Mrs. Rush certainly gives her needed financial resources. While this does not excuse her blatant disregard of the court order, it does explain it to some degree.
Mr. Rush is a crew chief on an airplane, who has just been assigned to a new duty station. He is presently in military barracks housing at Nellis Air Force Base in Nevada. His deposition, taken and filed in the record by agreement of counsel after the hearing in this matter, indicates that he believes that he would be able to find appropriate housing should he be given the children, as he cannot keep them in the barracks housing. He has attempted to locate appropriate housing and has described it in the deposition. It appears that it would be quite adequate. However, it must be noted that Mr. Rush has absolutely no support network there — no immediate or close family live in the area. He is able only to speak of the wife of a coworker whom he says would assist. However, it must be noted that he knows very little about her, met her only after arriving in Nevada a few months prior to the deposition, cannot recall her first name, and has only met her three times. The evidence indicates that Mr. Rush’s job presently requires him to work nights. He says that he can have it changed, but the certainty of that is in question in the mind of the Court. Further, the nature of Mr. Rush’s job may require him to be away from the children at times. He was required to be away from family as a result *694 of his involvement in Operation Desert Storm; while l^Mr. Rush states in his deposition that he can avoid that type of work involvement in the future, the Court does not believe that can be a certainty. There is simply too much unsettled about Mr. Rush’s employment requirements and his living situation for the Court to consider a change of designated domiciliary parent under the facts before it.

RULING OF COURT

On the basis of the facts above stated, the Court declines to change or alter the custody regime previously stipulated herein by the parties. The children shall remain in the joint custody of both parents with Mrs. Rush being designated as the domiciliary parent; all of the conditions and requirements of the judgement of divorce of October 1, 1992 are continued in force and effect.
Mrs. Rush is found in contempt of this Court’s order of October 1,1992, and is fined the sum of $500.00 and directed to serve six (6) months in the Beauregard Parish Jail. Both the fine and the sentence are suspended on the condition that Mrs. Rush continue to comply with this Court’s order that “she shall not live with or have overnight any man that she is not married to when the minor children are in her physical custody.” Mrs. Rush is ordered to pay attorney fees of Mr. Rush in the sum of $500.00. As Mr. Rush was only partly successful in these proceedings in that he failed to convince the Court that circumstances existed which would indicate it to be in the best interest of the children for there to be a change of domiciliary parent, court costs will be assessed one-half (½) to each party.
Dated, DeRidder, Beauregard Parish, Louisiana, this 30th day of June, 1993.
/s/ Stewart S. Kay, Jr. District Judge
^Considering the evidence and the situation of the parties in this case, we defer to the trial court’s thoughtful exercise of its discretion and affirm its decision that Catherine remain the domiciliary parent. This appears to be in the children’s best interests.
We need to address one other issue. Jeffrey claims the trial court erred in not allowing him to call rebuttal witnesses. A review of the record indicates that Jeffrey wanted to call one of the children, Russell, on rebuttal. The record shows that Catherine did not call any witnesses on her own behalf after Jeffrey had rested his case. All she did was cross-examine the witnesses called by Jeffrey. When he rested his case, the hearing on the rule was over. There were nothing for Jeffrey to rebut.
Additionally, the trial court has the discretion (under La.Code Civ.P. art. 1632) to vary the order of the trial as circumstances justify. We find no abuse of discretion in this case.
The judgment of the trial court is affirmed. The cost of this appeal is assessed to Jeffrey Rush.
AFFIRMED.